DECATUR UNDERWOOD, Plaintiff in Error, *v.* HUGH DOLLINS *et al.*, Defendants in Error.

1. *Attachment — Judgment on constructive notice, petition to set aside — Case must be in position to be heard within two years — Waiver of notice, what not.*—Under the statute (Gen. Stat. 1865, p. 569, § 60; Wagn. Stat. 193, § 60) a petition to set aside a judgment in attachment, rendered on constructive notice, must be filed in court, in a position to be heard, within two years from the date of the judgment. And the notice of such proceeding, under section 61 of the act, must be filed fifteen days before the expiration of the two years. The mere filing of the petition within two years, when the case can not be reached for trial within that period, is not sufficient. A proper construction of the statute makes no distinction between the time for an appearance and the time for making proofs. And the petition must be filed in court, and not with the clerk or judge during vacation.

In such a proceeding, the appearance of the counsel for the other party, and his agreement to submit the cause to the court, notwithstanding the disqualification of the judge holding it to sit in the cause, would be no waiver of the sufficiency of the notice, but simply a waiver of objection to the judge who was to pass upon the sufficiency of the notice.

2. *Attachment — Bond — Seal, what sufficient.*—The word "seal," printed between brackets, in an attachment bond, and adopted by the parties as their seal or scroll, was a sufficient sealing of the instrument.

*Error to Third District Court.*

*Sherwood & Hardin*, for plaintiff in error.

*Chandler & Butler*, for defendants in error.

I. The appearance of a defendant by filing his petition, and the presentation of it to the court for the purpose of having the original judgments in the cause set aside, are very different things; one may be done in vacation, the other only in term time. (Gen. Stat. 1865, p. 662, § 46.) It is no answer to this to say that if the defendants could file their petition with the clerk, and notify the plaintiff that they would present it at the next term, they might postpone the presentation of it for an indefinite time. The petition being on file, the defendants are in and subject to the rules of the court; and if they did not prosecute their petition with due diligence, the court could dismiss it and render a general judgment against them. (Gen. Stat. 1865 ch. 141, § 63; Phillips v. Russell, Adm'r, 24 Mo. 527.)

Sections 60 and 61, ch. 141, Gen. Stat. 1865, are remedial in their nature, calculated to give the parties a full and fair trial of their causes upon their merits, and ought to be liberally construed. (Papin v. Buckingham, 33 Mo. 454; Smith v. Moffatt, 1 Barb. 65; Franklin v. Franklin, 1 Md. 342; Carey v. Giles, 9 Ga. 253; Mitchell v. Mitchell, 1 Gill, 66.)

II. But even if the notice was not served upon the plaintiff in time, he waived the objection. (Cave *et al.* v. Hall, 5 Mo. 59.) Here the plaintiff voluntarily appeared and filed an agreement to submit the case to the judge. (Cave *et al.* v. Hall, *supra;* Griffin v. Samuel, 6 Mo. 50; Whiting *et al.* v. Budd, 5 Mo. 443; Powers v. Browder, 13 Mo. 154.)

CURRIER, Judge, delivered the opinion of the court.

This proceeding was instituted for the purpose of avoiding a judgment rendered upon constructive notice. The judgment complained of was rendered April 25, 1866. On the 23d of April, 1868, the petitioners (defendants) served notice upon the opposite party, to the effect that petitioners would immediately file with the clerk of the court where the judgment was rendered their petition under the statute to avoid and disprove the damages recovered against them in the former suit, and that the petition would be presented to the court for hearing at its next regular session, which was appointed by law to be in the month of the following October, about two years and six months from the date of the original judgment. The petition was filed with the clerk of the court on the 23d day of April, 1868. Upon this state of facts the question is raised whether the proceeding was commenced in time to bring it within the statutory limitation applicable to such cases. The attachment act (Gen. Stat. 1865, p. 569, § 60) provides that a party against whom a judgment is rendered upon constructive notice "shall be allowed two years, and no longer, from the date of the judgment, to appear and disprove or avoid the debt or damages adjudged against him." The limitation is strictly to two years; and the statute, in fixing the limitation, makes no distinction between the time for an appearance and the time for making the proofs. According to

the literal reading, both must be done within the prescribed two years. No reasonable liberality of construction can make the statute mean less than this : that the complainant shall have his cause in court in a position to be heard within the time specified. But that involves a prior notice to the opposite party, informing him of the day and place and when where the petition will be presented, as provided in the sixty-first section of the act. It is thus evident that such notice—the statute (§ 61) requiring fifteen days—must be given at least fifteen days before the expiration of the two years' limitation. In the case at bar, the period of limitation expired on the 25th day of April, 1868, that being two years from the date of the rendition of the judgment, and the notice was not given until the 23d day of April, 1868, only two days before the limitation lapsed. It was not, therefore, in time, and the Circuit Court properly overruled the application. It may be further observed that the statute makes no provision for filing the petition with the clerk, as was done in this case, or with the judge in vacation. The statute alone provides for an application to the court (§ 61), and that upon a previous notice of fifteen days. Had it been provided that the process might be initiated by filing the proper petition with the clerk within the two years, and for a notice to the opposite party fifteen days prior to the next succeeding regular session of the court, that might have better subserved the convenience of complaining parties, and quite effectually accomplished the general objects of the Legislature. The Legislature, however, did not so enact, and we are bound to take the law as we find it.

It is urged that the plaintiff in error waived all objection to the sufficiency of the notice because he appeared in court and agreed to submit the cause to the court, notwithstanding the disqualification of the judge holding it to sit in the cause. That was no waiver of notice; it was simply a waiver of objection to the judge who was to pass judicially upon the sufficiency of the notice. A waiver of objection to the judge was no waiver of objection to the sufficiency of the antecedent process. The only point that appears to have been specifically presented for the consideration of the Circuit Court, upon the motion to set aside the

original judgment, related to the sealing of the attachment bond. The bond was expressed to be a sealed instrument, the word "seal," printed between brackets, thus: [seal], being employed in the sealing. The parties adopted that device as their seal or scroll, and that was sufficient.

The judgment of the District Court is reversed. The other judges concur.